Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
dsh@girardgibbs.com
Amy M. Zeman (State Bar No. 273100
amz@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIE WINKELMANN and MICHELLE CRUZ, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>NOVARTIS AG, NOVARTIS CORPORATION, and NOVARTIS CONSUMER HEALTH, INC.,<br><br>Defendants. | Case No. 3:14-cv-00160<br><br>**CLASS ACTION COMPLAINT**<br><br>For Violation of Cal. Bus. & Prof. Code § 17200<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through the undersigned counsel, file this complaint and assert as follows:

## NATURE OF THE ACTION

1. This is an action for equitable and injunctive relief arising out of Novartis' sale of Excedrin Migraine at a higher price than the pharmacologically identical product Excedrin Extra Strength.

2. Defendants' conduct has harmed consumers, including Plaintiffs and a class of similarly situated individuals, who paid more for Excedrin Migraine than they would have paid for Excedrin Extra Strength.

## THE PARTIES

3. Plaintiff Julie Winkelmann is a citizen of California who resides in Crescent City, California.

4. Plaintiff Michelle Cruz is a citizen of California who resides in Yucca Valley, California.

5. Defendant Novartis AG, the parent company of the Novartis group of entities, is a multinational pharmaceutical company headquartered at Fabrikstrasse 2, CH-4002 Basel, Switzerland.

6. Defendant Novartis Corporation is a New York corporation headquartered at 1 South Ridgedale Avenue in East Hanover, New Jersey. Novartis Corporation is the U.S. arm of Defendant Novartis AG and oversees research and development, manufacturing, sales, and marketing of pharmaceutical products, including Excedrin Migraine and Excedrin Extra Strength.

7. Defendant Novartis Consumer Health, Inc. is a Delaware corporation headquartered at 200 Kimball Drive in Parsippany, New Jersey. Novartis Consumer Health, Inc. engages in research and development, manufacturing, sales, and marketing of over-the-counter pharmaceutical products, including Excedrin Migraine and Excedrin Extra Strength.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) the amount in controversy exceeds $5 million; (b) the proposed class has more than 100 members, and (c) Plaintiff is a citizen of a different state than Defendants.

9. This Court has personal jurisdiction over Defendants because Defendants regularly transact business within the State of California.

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because Plaintiff Winkelmann and numerous class members reside in this District, were subject to Defendants' unfair business practices in this District, purchased Excedrin Migraine products in this District, and sustained damages in this District.

## FACTUAL ALLEGATIONS

**About Excedrin Migraine and Excedrin Extra Strength**

11. Excedrin Migraine and Excedrin Extra Strength are over-the-counter combination pain relievers.

12. Excedrin Extra Strength was first approved in the 1960s by the Food and Drug Administration for the temporary relief of minor aches and pains due to headache.  Each unit of Excedrin Extra Strength currently contains 250 milligrams of acetaminophen, 250 milligrams of aspirin, and 65 milligrams of caffeine as the active ingredients.  This formulation of Excedrin Extra Strength has been marketed in the United States since 1978.

13. In January 1997, Bristol-Myers Squibb, Co. sought FDA approval of a migraine indication for Excedrin Extra Strength.  Bristol-Myers presented the FDA with clinical studies indicating Excedrin Extra Strength was effective at providing relief of migraine pain and asked to add this information to the drug's label.  The formulation remained unchanged.

14. The FDA approved Excedrin Migraine in January 1998 for the temporary relief of mild to moderate migraine headache pain with the same formulation and dosage as Excedrin Extra Strength. According to a Bristol-Myers press release on the approval, Excedrin Migraine was given its own trademark and packaging "in order to provide important information about appropriate use and when to consult a doctor" but would be available at the same suggested retail price as Excedrin Extra Strength.

15. Newspaper ads published in February 1998 emphasized the identical formulation of Excedrin Migraine and Excedrin Extra Strength.  The ads depicted the two products side-by-side and stated, "Clinical research has just proven that the formula in Excedrin actually relieves migraine pain. And because of the distinct nature of migraines, the FDA worked with Excedrin to develop a different

1  package with specific information for migraine sufferers.  So now next to Excedrin, there's a new
2  package – same medicine – called Excedrin Migraine."
3      16.    In August 2005, the Novartis defendants purchased the Excedrin brand from Bristol-
4  Myers and took over the manufacture and sale of the products, including the Migraine and Extra
5  Strength versions.

**Higher Price Charged for Excedrin Migraine**

7      17.    When Excedrin Migraine was first marketed in the United States, Bristol-Myers sold the
8  products at the same wholesale price and provided the same suggested retail price for both products.
9      18.    Defendants currently sell Excedrin Migraine and Excedrin Extra Strength at different
10 wholesale prices that reflect a premium for the Migraine version.  Defendants sell 24-count packages of
11 Excedrin Migraine at a wholesale price of $3.60, a 12.5% premium over the $3.20 wholesale price for
12 Excedrin Extra Strength.  Defendants sell 100-count packages at $10.25 wholesale, a 13.26% premium
13 over the $9.05 wholesale price for Excedrin Extra Strength, and 200-count packages at $13.50, a 12.5%
14 premium over the $12.00 wholesale price for Excedrin Extra Strength.
15     19.    Defendants' higher wholesale prices for Excedrin Migraine are reflected in the prices
16 retailers charge consumers for Excedrin Migraine and Excedrin Extra Strength.  Walmart.com, for
17 instance, sells 100-count packages of Excedrin Migraine at a $0.50 premium over Excedrin Extra
18 Strength.  Rite-Aid Pharmacy sells 100-count packages of Excedrin Migraine at a $0.50 premium and
19 200-count package at a $1.00 premium.  Amazon.com charges a $1.05 premium for a 300-count
20 package of Excedrin Migraine, while Walgreens charges a $1.00 premium for a 200-count package.
21     20.    By selling Excedrin Migraine at a higher wholesale price that is carried through to retail
22 prices paid by consumers, Defendants are engaging in an unfair business practice in violation of
23 California's Unfair Competition Law.

**Plaintiffs' Experiences**

25     21.    In October, 2013, Plaintiff Winkelmann purchased Excedrin Migraine in Crescent City,
26 California for the purpose of relieving migraines.  Plaintiff has purchased Excedrin Migraine numerous
27 times over the last three years, using the medication to treat her recurrent migraines.  Plaintiff noticed
28 that Excedrin Migraine and Excedrin Extra Strength seemed very similar but understood and believed

COMPLAINT
CASE NO.: 3:14-CV-00160

that because Excedrin Migraine was sold at a higher price, it was a more effective product for migraine relief than the less expensive Excedrin Extra Strength.

22. Plaintiff Cruz purchased a bottle of Excedrin Migraine in November, 2013 in Fullerton, California. Plaintiff Cruz takes Excedrin Migraine for her migraine headaches and has purchased Excedrin Migraine several times over the last ten years.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action pursuant to the Federal Rules of Civil Procedure on behalf of themselves and a class defined as:

> All persons who purchased Excedrin Migraine at a higher price than Excedrin Extra Strength on or after August 1, 2005, in the State of California for personal, family, or household purposes.

24. **Numerosity.** The members of the proposed class are estimated to be in the thousands at least, making individual joinder of all class members impracticable. Plaintiffs will determine the exact number and identity of class members through appropriate discovery.

25. **Commonality.** Plaintiffs' and class members' claims raise common factual and legal questions that predominate over individualized inquiries. Common legal and factual questions that can be answered for all class members through a single class-wide proceeding include, but are not limited to, the following:

    a. Are Excedrin Extra Strength and Excedrin Migraine pharmacologically identical products?

    b. Do Defendants sell Excedrin Migraine at a higher price than Excedrin Extra Strength?

26. **Typicality.** Plaintiffs' claims are typical of the claims of class members because each claim arises from the same practices by Defendants.

27. **Adequacy.** Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs' interests do not conflict with other class members' interests and Plaintiffs have retained counsel experienced in complex class action litigation and consumer fraud lawsuits to vigorously prosecute this action on behalf of the class.

28. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the class. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation would also result in delay and increased expenses to all parties, over-burden the judicial system, and present a potential for inconsistent and contradictory judgments. Class treatment will ensure that all claims and claimants receive fair, consistent, and efficient adjudication.

**FIRST CAUSE OF ACTION**
**(For unfair business practices under California Business and Professions Code § 17200 *et seq.*)**

29. Plaintiffs incorporate the above allegations by reference.

30. Defendants' acts and practices, as alleged in this complaint, constitute unfair practices in that (i) they are unethical, unscrupulous, and substantially injurious to consumers; (ii) any legitimate utility of Defendants' conduct is outweighed by the harm to consumers; and (iii) the injury is not one that consumers reasonably could have avoided. In particular, it is fundamentally unfair to sell Excedrin Migraine at a higher price than the pharmacologically identical product Excedrin Extra Strength.

31. As a result of Defendants' conduct as alleged herein, Plaintiffs and class members have lost money. Specifically, Plaintiffs and class members paid more for Excedrin Migraine than the pharmacologically identical product Excedrin Extra Strength.

32. Pursuant to Cal. Bus. & Prof. Code sections 17203 and 17204, Plaintiffs, on behalf of themselves and the class, seek equitable and injunctive relief, including restitution of money paid for Excedrin Migraine above and beyond the price of Excedrin Extra Strength.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of a class of similarly situated individuals, pray for the following relief:

A. Certification of this action as a class action on behalf of the class defined above, appointment of Plaintiffs as the class representatives, and appointment of Plaintiffs' counsel as class counsel;

1   B.   An award of injunctive and other equitable relief as necessary to protect the interests of Plaintiffs and the class;

C.   An order that Defendants disgorge all profits wrongfully obtained through their illegal conduct;

D.   An order that Defendants pay restitution to Plaintiffs and the class;

E.   An award to Plaintiffs and the class for reasonable litigation expenses and attorneys' fees;

F.   An award to Plaintiffs and the class of pre- and post-judgment interest, to the extent allowable;

G.   An award of such other and further relief as the Court deems necessary and appropriate.

## JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable in the above referenced matter

Dated: January 10, 2014

**GIRARD GIBBS LLP**

By:   */s/* Eric H. Gibbs
Eric H. Gibbs
Dylan Hughes
Amy M. Zeman
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

Todd D. Muhlstock (pending Pro Hac Vice application)
**Baker Sanders LLC**
100 Garden City Plaza, Suite 500
Garden City, NY  11530
Telephone:  (516) 741-4799
Facsimile:  (516) 741-3777

*Attorneys for Plaintiffs*